UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 2:05-CR-70 |
| ) | NO. 2:05-CR-75 |
| MICHAEL VASSAR ) | |

### MEMORANDUM OPINION AND O R D E R

This matter is before the Court on defendant Vassar's "Appeal And Objections To The District Court From The Order Of The Magistrate Judge Entered January 11, 2006 [Doc. 132] and January 13, 2006 [Doc. 144]" [Doc. 147 in case No. 2:05-CR-70; Doc. 144 in case No. 2:05-CR-75]. The Magistrate Judge's order of January 11, 2006 quashed various Fed. R. Crim. P. 17(c) subpoenas duces tecum for pretrial production of certain documents and records issued by defendant. The order of January 13, 2006, required defendant to seek leave of court prior to the issuance of further Rule 17(c) subpoenas duces tecum.[1] This Court heard oral argument on defendant's appeals on January 20, 2006. After a careful review, this Court finds that the orders of the Magistrate Judge were proper in all respects and not contrary to the law. The Magistrate

---

[1] It is implicit in the Court's order that the Magistrate Judge was referring to Rule 17(c) subpoenas seeking <u>pretrial</u> production of documents and records. Contrary to defendant's assertion, nothing in the Magistrate Judge's order restricts defendant's right to compulsory process pursuant to Rule 17 for appearance of witnesses or production of documents and records <u>at trial</u>.

Judge's orders will, therefore, be AFFIRMED.[2]

I.    *Procedural Background*

On October 15, 2005, defendant Vassar filed a pleading styled "Motion for Rule 17(c) Subpoena for Records for Pretrial Inspection and Trial Preparation" [Doc. 54 in case No. 2:05-CR-70; Docs. 46 and 47 in case No. 2:05-CR-75]. Although so styled, the defendant did not seek the relief suggested by the title of his motion but rather moved the Court to "establish a date for records to be returned to court for defendant's inspection to prepare for trial." The memorandum filed in support of the motion identified several persons as potential witnesses for the government in this case[3] and gave notice of an intention on the part of defendant to issue trial subpoenas for records pertaining to these witnesses. The defendant, citing a need to review the records prior to trial in order to prepare for the witnesses' testimony, asked the Court to establish a date and place for the return of a pretrial subpoena pursuant to Rule 17(c). Defendant never identified the records sought, except in a general sense, and did not specifically identify the person or entity possessing such records. The government responded that while Vassar might yet

---

[2] Defendant Vassar asserts that the orders entered by the Magistrate Judge are "void and must be set aside" because the Magistrate Judge entered the orders prior to being designated by the District Court to hear the motions. This argument is completely without merit. A standing order of this Court provides for referral to the Magistrate Judge "automatically and without a separate order of referral" of all motions pending in criminal cases for purposes of disposition or for a report and recommendation pursuant to 28 U.S.C. § 636. These matters were properly before the Magistrate Judge.

[3] The witnesses identified were Chris Schults, Dewey Lynn Phillips and James Mark Thornton. Phillips and Thornton are co-defendants of Vassar in case No. 2:05-CR-75.

2

be able to meet the requirements for pretrial production, he had not done so with this motion. [Doc. 101 in case No. 2:05-CR-70; Doc. 105 in case No. 2:05-CR-75].

On January 6, 2006, the Magistrate Judge ruled on the motion as follows:

> Defendant asks that this Court establish a date for records to be returned to this Court, specifically, the Magistrate Judge thereof, with regard to anticipated subpoenas *duces tecum* issued pursuant to Fed. R. Crim. P. 17(c). The Court frankly is unsure what to do with these motions inasmuch as they ask only for a date for any records furnished in compliance with a Rule 17(c) subpoena to be presented to the Magistrate Judge. To the extent that a date only is requested, that is easy: The Court chooses January 17, 2006. And this disposes of these motions.
>
> This ruling in no way should be considered by defendant's counsel as an advance ruling that any particular Rule 17(c) subpoena or the information sought thereunder is appropriate.

[Doc. 122 in case No. 2:05-CR-70; Doc. 124 in case No. 2:05-CR-75]

The defendant then, utilizing subpoenas he had obtained in blank from the Clerk's Office pursuant to Rule 17(a), issued subpoenas to various law enforcement agencies[4] for a wide variety of documents and records[5] related to six named individuals[6], to be produced

---

[4] Defendant has never identified the agencies or persons upon which these subpoenas were served. The United States, in its motion to quash these subpoenas, has identified the following agencies: Federal Bureau of Investigation, Drug Enforcement Administration, Tennessee Bureau of Investigation, First Judicial District Drug Task Force, Fourth Judicial District Drug Task Force, Jefferson County Sheriff's Department, Cocke County Sheriff's Department and the Dandridge, White Pine and Newport Police Departments.

[5] The request by defendant for documents and records amounts, in essence, to a request for wholesale production of these agencies' complete investigative files related to these individuals.

[6] These individuals were Christopher Talmadge Schults, James Mark Thornton, Dewey Lynn Phillips, Stacey Lynn Phillips, Ricky Lynn Fann and Lynn Human.

3

on January 17, 2006. These subpoenas were served by defendant without leave of court or any order directing pretrial production and in defiance of the Magistrate Judge's January 6, 2006 order cautioning defense counsel not to consider the ruling on defendant's motion as advance authorization for the subpoenas. On January 11, 2006, the United States moved to quash the subpoenas. [Doc. 131 in case No. 2:05-CR-70; Doc. 132 in case No. 2:05-CR-75]. That same day, the Magistrate Judge granted the government's motion and quashed the subpoenas, finding them to be of "outrageous scope and breadth."[7] The Magistrate Judge further ordered that the Clerk issue no further Rule 17(c) subpoenas for defendant "until such time as (1) defendant first files a motion, under seal, (2) in which he requests that he be allowed to issue a subpoena duces tecum, (3) which motion sets forth the information or documents sought by the requested subpoena, and (4) the Court grants the motion." [Doc. 132 in case No. 2:05-CR-70; Doc. 133 in case No. 2:05-CR-75][8]

On January 12, 2006, defendant's counsel filed his "Motion To Alter Or Amend In Stanter (Sic) This Court's Order Of January 11, 2006 Quashing Subpoenas." [Doc. 133 in case No. 2:05-CR-70; Doc. 136 in case No. 2:05-CR-75]. Defendant's motion asks the Court to immediately withdraw its January 11, 2006 order, arguing that defendant had been

---

[7] The Magistrate Judge's order recites that two returns had already been made to the Magistrate Judge, one from the Sheriff of Hamblen County and the other from the Chief of Police of Dandridge. The Magistrate Judge ordered these returns sealed by the Clerk.

[8] Defendant's motion also contains certain disrespectful and possibly contemptuous statements about the Magistrate Judge. Defendant's counsel has been orally informed that this Court will, therefore, order him to show cause why he should not be held in contempt of this Court. The Court will defer doing so, however, until after the conclusion of the trial of these cases.

4

deprived a meaningful opportunity to be heard on the government's motion to quash, and asked the Court to order that the United States not instruct any agency not to comply with the subpoenas.[9] On January 13, 2006, the Magistrate Judge denied the motion and directed that defendant file his motions seeking leave of court for the issuance of Rule 17(c) subpoenas duces tecum for the pretrial production of documents and records on or before January 17, 2006 and set a hearing on any such motions for January 20, 2006. [Doc. 144 in case No. 2:05-CR-70; Doc. 142 in case No. 2:05-CR-75] Defendant then filed his "appeal and objections" to the January 11 and January 13 orders of the Magistrate Judge on January 17, 2006 [Doc. 147 in case No. 2:05-CR-70; Doc. 149 in case No. 2:05-CR-75]. As noted above, this Court then heard oral argument on January 20, 2006.

II. *Analysis*

Rule 17(c) of the Fed. R. Crim. P. governs the issuance of subpoenas duces tecum in federal criminal proceedings. The second sentence of Rule 17(c)(1) provides a mechanism for the pretrial production of documents and other objects for inspection by the parties and their attorneys. The relevant part of the Rule provides: "The Court <u>may direct</u> the witness to produce the designated items in court before trial or before they are offered in evidence." (emphasis added) While the items subpoenaed may be subject to production at trial under a subpoena duces tecum, the defendant is not entitled to <u>pretrial</u> production

---

[9] Although the defendant argues in his motion that the Magistrate Judge has unlawfully interfered with his constitutional right to the issuance of trial subpoenas by this order, it is clear from the context of the Magistrate Judge's order that the Magistrate Judge is referring to subpoenas seeking pretrial production.

5

and inspection as a matter of right. The court may exercise its discretion to order pretrial production only where certain prerequisites are met.

The United States Supreme Court has set forth the required showing for production prior to trial. In order to require production prior to trial, the moving party (in this case, the defendant) must show: (1) That the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974); *United States v. Hughes*, 895 F. 2d 1135 (6th Cir. 1990). A Rule 17(c) subpoena will not be issued, therefore, unless the *Nixon* requirements of relevance, specificity and admissibility are met.

Rule 17(c) does not explicitly require a motion in advance if a subpoena duces tecum is to be returnable pretrial; however, the failure of the defendant to seek leave of court before issuing such subpoenas completely deprives the court of any meaningful exercise of discretion or opportunity to assure that the moving party can meet the threshold requirements for pretrial production. More importantly, the words "the court may direct" in the text of the Rule clearly suggests that a subpoena duces tecum returnable before trial may be issued only with leave of court. Indeed, requiring the moving party to seek leave

of court prior to the issuance of such subpoenas is the most orderly and efficient procedure and avoids unnecessary litigation, as illustrated by the events of this case. Leave of court should generally be sought by motion properly filed and served on all of the parties; however, an *ex parte* application may be appropriate where a party may need to disclose trial strategy, privileged information or the identity of witnesses in order to meet the *Nixon* standard.

It is clear that Rule 17(c) was never intended as a discovery device, *Nixon*, 418 U.S. at 698; *United States v. Cuthbertson*, 630 F. 2d 139, 146 (3rd Cir. 1980), and the circumstances warranting pretrial production have been described by the Court of Appeals for the Sixth Circuit as "extraordinary." *Hughes*, 895 F. 2d at 1146. In addition, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701. Although material usable for impeachment is evidentiary, it does not become evidentiary until the witness has testified at trial. Thus, impeachment evidence would likely not ever be producible before trial under Rule 17(c) and such evidence related to potential witnesses who are ultimately not called as a witness at trial need not be produced at all. *Cuthbertson*, 630 F. 2d at 144.[10]

When viewed against these standards, the orders of the Magistrate Judge of January 11 and January 13 were entirely reasonable and proper and consistent with applicable law.

---

[10] Defendant Vassar relies upon an unpublished Sixth Circuit case, *United States v. Compton*, 28 F. 3d 1214, 1994 WL 328303 (6th Cir. (Mich.)), in support of his argument that impeachment evidence is producible before trial. The *Compton* case, however, deals with a subpoena issued during trial.

7

Even if defendant Vassar's October 15, 2005 motion is considered as a motion for leave to issue Rule 17(c) subpoenas for records for pretrial inspection, it fails the *Nixon* standards of specificity, relevance and admissibility. It did not specifically identify the witnesses to whom such subpoenas would be directed nor did it specifically identify the documents and records sought. The defendant's filing clearly shows that he is seeking impeachment material for potential government witnesses, thus failing the requirement that the material sought be evidentiary. The defendant's request seeks all files compiled by various federal, state and local law enforcement agencies related to alleged, but not specified, criminal activity on the part of potential government witnesses. Such documents, records and papers are clearly hearsay and are inadmissible and for this reason too they fail to meet the requirement that they be evidentiary.

Defendant Vassar makes only conclusory statements about his need for these items to prepare for trial or why pretrial production would prevent unreasonable delay in the trial. He makes no effort to show that the items are not otherwise procurable in advance of trial by the exercise of due diligence. Finally, and maybe most importantly, defendant cannot show that his application is made in good faith and is not intended as a general fishing expedition. Seeking wholesale pretrial production of police investigative files related to potential government witnesses can hardly be described as anything other than a fishing expedition. Counsel for defendant has shown no good faith belief that the records and documents sought even exist or are in the possession of the agency subpoenaed.

Finally, the actions of defendant's counsel with regard to Rule 17(c) subpoenas have been undertaken in bad faith and amount to an abuse of process. Counsel drafted his original motion in such a manner as to intentionally confuse the issue in an effort to avoid being required to meet the requirements for pretrial production of these documents. By seeking only a "date for production" in his motion, defendant attempted to mislead the Court. Most telling, however, are defense counsel's actions surrounding the issuance of the Rule 17(c) subpoenas. Using subpoenas issued in blank, defense counsel caused these subpoenas to be issued despite the Magistrate Judge's warning that his ruling on defendant Vassar's ambiguous motion should not be considered by defendant's counsel "as an advance ruling that any particular Rule 17(c) subpoena or the information sought thereunder is appropriate." Counsel's abuse of process alone is sufficient for the Magistrate Judge to exercise the inherent power of federal courts over their process to prevent an oppressive abuse of such process.

For these reasons the Court FINDS that the orders of the Magistrate Judge of January 11, 2006 and January 13, 2006 are not an abuse of discretion, not clearly erroneous or contrary to law, and they are, therefore, **AFFIRMED** and **ADOPTED** by this Court.

III.     ***Defendant Vassar's ex Parte Statements in Support of the Issuance of Rule 17(c) Subpoenas to Obtain Documents and Records to Prepare for Trial.***

Defendant Vassar has filed a "Motion to File Ex Parte and Under Seal Additional Information in Support of Defendant Vassar's Appeal and Objections to the Magistrate

Judge's Orders of January 11, 2006 and January 13, 2006". [Doc. 148 in case No. 2:05-CR-70; Doc. 145 in case No. 2:05-CR-75]. As a result of that filing, which sought permission to deliver to the Court in chambers information to be filed *ex parte* under seal in support of his appeal, the Court directed the law clerk assigned to this case to instruct defendant's counsel to deliver that document to chambers. Defendant's counsel has delivered to chambers a 30 page statement and additionally has filed a pleading entitled "Defendant Michael Vassar's Supplement in Support of Pending Applications for F.R.Cr.R.P. 17(c) Subpoenas and Alternative Modifications." [Doc. 166 in case No. 2:05-CR-70; Doc. 164 in case No. 2:05-CR-75]. This Court will **GRANT** defendant's motion to file *ex parte* and under seal his 30 page statement and attachments and will treat all of these documents as a proper application for leave of court for the issuance of Rule 17(c) subpoenas for pretrial production. A separate order will address that application.

**SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
