UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-70 |
| | ) | NO. 2:05-CR-75 |
| MICHAEL VASSAR | ) | |

**O R D E R**

This criminal matter is before the Court to consider the supplemental appeals of the defendant filed in regard to the Magistrate Judge's order dated January 6, 2006. [Doc. 170 in NO. 2:05-CR-70 and Doc. 168 in NO. 2:05-CR-75]. The defendant has appealed the following rulings in the Magistrate Judge's order.

       7. Motions for Fed.R.Crim.P. Rule 7(f) Bill of Particulars (Doc. 44 in case No. 2:05-CR-75; Doc. 39 in case No. 2:05-CR-70)

       8. Motions for Disclosure of Informants and Operatives (Doc. 51 in case No. 2:05-CR-75; Doc. 40 in case No. 2:05-CR-70).

       12. Motions for Rule 104 Hearing as to the Custody of Drugs (Doc. 57 in case 2:05-CR-75; Doc. 44 in case 2:05-CR-70)

       13. Motions to Produce Related Indictments (Docs. 58 and 59 in case No. 2:05-CR-75; Doc. 45 in case No. 2:05-CR-70)

14. Motions to Unseal and Produce All Original Search Warrants, Authorizations, and/or Affidavits That May be Related to this Case (Doc. 50 in case No. 2:05-CR-75; Doc. 46 in case No.2:05-CR-70)

15. Motions for 60-Day Pretrial Notice of Government's Intention to Use 404(b)-Type Evidence (Doc. 61 in case No. 2:05-CR-75; Doc. 47 in case No. 2:05-CR-70)

16. Motion for Pretrial Notice and to Exclude F.R.E. Rule 608 Impeachment Evidence by Character or Specific Conduct (Doc. 48 in case No. 2:05-CR-70)

17. Motions for Pretrial Notice and Exclusion of F.R.E. Rule 409 Impeachment Evidence of Conviction of a Crime (Doc. 52 in case 2:05-CR-75; Doc. 49 in case 2:05-CR-70)

18. Motions for Notice of Government's Intention to use Residual Hearsay Exceptions Pursuant to F.R.E. Rule 807 (Doc. 62 in 2:05-CR-75; Doc. 52 in 2:05-CR-70)

19. Motion for Pretrial Written Summary of Expert Testimony; Disclosure of Facts and Data Underlying Expert Testimony; Qualifications of Expert Witnesses; and in Limine to Suppress Expert Testimony with Respect to Which the Government Fails to Make Adequate Pretrial Disclosure (Doc. 53 in case No.2:05-CR-70)

21. Motions for a List of Government Witnesses and Addresses (Doc. 55 in case No. 2:05-CR-75; Doc. 55 in case No. 2:05-CR-70)

22. Motions for Notice of the Government's Intent to Use an Interpreter for Any Witness at Motions Hearings or Trial (Doc. 65 in case No. 2:05-CR-75; Doc. 56 in case No. 2:05-CR-70)

23. Motions for Witness Sequestration and for One Agent to Be Present During Evidentiary Hearings and Trial (Doc. 64 in case No. 2:05-CR-75; Doc. 58 in case No. 2:05-CR-70)

25. Motions for the Automatic and/or Early Production of Jencks/Rule 26.2 Statements, for Automatic Recess, and for Jury Instruction (Doc. 67 in case 2:05-CR-75; Doc. 61 in case No. 2:05-CR-70)

30. Motion under Fed.R.Crim.P. 26.2 for Production of Statements of Witnesses Who Testified at the August 17, 2005, Detention Hearing (Doc. 105 in case No. 2:05-CR-75)

30. Motions to Suppress and Exclude Evidence Offered Pursuant to F.R.E. Rules 404(b), 608(b), 609, 801(d), 803, 804 or 807(Doc. 53 in case No. 2:05-CR-75; Doc. 50 in case No. 2:05-CR-70)

31. Rule 16(d)(2)(C) Motion to Prohibit the Government from Introducing an April 26, 2002 Recorded Conversation and Drugs [Doc. 103 in case No. 2:05-CR-70]

In this appeal, the defendant repeats his prior appeal of the following rulings in the Magistrate's Judge's order:[1]

9. Motions for Disclosure of Specific Brady-Kyles Evidence; for Disclosure Sixty Days Prior to Trial; or for a Continuance After Being Provided Brady-Kyles Material (Doc. 56 in case No. 2:05-CR-75; Doc. 41 in case No. 2:05-CR-70).

10. Motion for Discovery of Fed.R.Crim.P. Rule 16(a)(1)(E), F.R.E. Rule 406 Evidence of Habits and Practices of the Government (Doc. 49 in case No. 2:05-CR-75).

11. Motion for Availability of Privileged Materials for the Court to Conduct a *Pennsylvania v. Ritchie* Review (Doc. 66 in case No. 2:05-CR-75).

In regard to each of the foregoing, the Court **FINDS** that the Magistrate Judge's order is not clearly erroneous, an abuse of discretion, or contrary to law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's order in regard to each of the foregoing rulings is **ADOPTED** and **AFFIRMED.** Therefore, it is hereby **ORDERED** that the defendant's appeals are **OVERRULED**. [Doc. 170 in NO. 2:05-CR-70 and Doc. 168 in NO. 2:05-CR-75].

---

[1] This Court has previously affirmed the decision of the Magistrate Judge with regard to these rulings. See Doc. 174 in case No. 2:05-CR-70; Doc. 173 in case No. 2:05-CR-75.

The defendant has also filed appeals of ruling number 24 of the Magistrate Judge on his Motions to Challenge for Cause to Jurors Who Have Participated in Prior Cases That Have Connected Conspiracies or Related Witnesses to This Case (Doc. No. 63 in 2:05-CR-75;Doc. No. 60 in case No. 2:05-CR-70). It will be impossible for this Court to address these motions, which were deferred by the Magistrate, until trial.

In addition, the defendant has filed appeals in regard to Number 27- Motions to Suppress in Limine All Expert Testimony Regarding Mens Rea (Doc. 54 in case No. 2:05-CR-75; Doc. 51 in case No. 2:05-CR-70). It is hereby **ORDERED** that the government will have up to and including January 25, 2006, to make all expert disclosures.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE