UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:05-CR-70 |
| | ) | NO. 2:05-CR-75 |
| MICHAEL VASSAR | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Defendant Michael Vassar's Motion for the Court to Grant Use Immunity to Defense Witness John Doe and has considered in connection therewith the affidavit of John Doe submitted *ex parte* by defendant for the Court's review. Neither the Court nor the defendant can force the prosecutor to seek immunity for a particular witness. *United States v. Mohney*, 949 F.2d 1397, 1402 (6th Cir.1991). The Sixth Circuit has consistently held "that a district court has no authority to grant immunity to a witness who asserts the Fifth Amendment privilege." *United States v. Medina*, 992 F. 2d 573, 586 (6th Cir. 1993), *cert. denied* 510 U.S. 1109 (1994). This is true even when the testimony of the witness is essential to an effective defense and such essential evidence is not otherwise available. *United States v. Talley,* 164 F.3d 989, 51 Fed. R. Evid. Serv. 181 (6th Cir.1999); *United States v. Pennell*, 737 F. 2d 521, 526-27 (6th Cir. 1984).

Defendant Vassar suggests to this Court that the District Court should

compel a grant of immunity when the defendant demonstrates that the government's refusal to grant immunity to an essential defense witness constitutes an abuse of discretion granted to the government by the Immunity of Witnesses Act, 18 U.S.C. § 6001-6005 and cites this Court to the recent Fourth Circuit decision in *United States v. Moussaoui*, 365 F. 3d 292, 304 (4th Cir. 2004). Other than this bare assertion, however, defendant makes no effort to show that a grant of immunity has been requested by him pursuant to the Immunity of Witnesses Act nor has he made any showing of any abuse of discretion by the government. This Court need not, therefore, consider this argument of defendant.

Accordingly, it is hereby **ORDERED** that the defendant's motions are **DENIED**. [Doc. 149 in No. 2:05-CR-70 and Doc. 146 in No. 2:05-CR-75]. It is also hereby **ORDERED** that the affidavit of John Doe be filed **UNDER SEAL** pending further order of the Court. The affidavit is delivered to the Clerk along with this order.

      ENTER:

                                           s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE