UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-70 |
| | ) | NO. 2:05-CR-75 |
| MICHAEL VASSAR | ) | |

## **MEMORANDUM OPINION AND O R D E R**

This matter is before the Court for consideration of the request of the defendant, Michael Vassar, for the issuance of Rule 17(c) subpoenas for the pretrial production of documents and records.[1]

Rule 17(c) of the Fed. R. Crim. P. governs the issuance of subpoenas duces tecum in federal criminal proceedings. The second sentence of Rule 17(c)(1) provides a mechanism for the pretrial production of documents and other objects for inspection by the parties and their attorneys. The relevant part of the Rule provides: "The Court <u>may direct</u> the witness to produce the designated items in court before trial or before they are offered in evidence." (emphasis added) While the items subpoenaed may be subject to

---

[1] This Court has previously held that it will consider both "Defendant Vassar's *Ex Parte* Statements Filed Under A Motion To Seal In Support Of F.R.Cr.P. 17(c) Subpoenas To Obtain Documents And Records To Prepare For Trial" and "Defendant Michael Vassar's Supplement In Support Of Pending Applications For F.R.Cr.P. 17(c) Subpoenas And Alternative Modifications" as a motion for leave to issue subpoenas duces tecum for the pretrial production of documents and records related to "criminal activity" of various potential government witnesses in the possession of various law enforcement agencies. (See Doc. 175 in case No. 2:05-CR-70; Doc. 174 in case No. 2:05-CR-75)

production at trial under a subpoena duces tecum, the defendant is not entitled to <u>pretrial</u> production and inspection as a matter of right. The court may exercise its discretion to order pretrial production only where certain prerequisites are met.

The United States Supreme Court has set forth the required showing for production prior to trial. In order to require production prior to trial, the moving party (in this case, the defendant) must show: (1) That the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974); *United States v. Hughes*, 895 F. 2d 1135 (6th Cir. 1990). A Rule 17(c) subpoena will not be issued, therefore, unless the *Nixon* requirements of relevance, specificity and admissibility are met.

It is clear that Rule 17(c) was never intended as a discovery device, *Nixon*, 418 U.S. at 698; *United States v. Cuthbertson*, 630 F. 2d 139, 146 (3rd Cir. 1980), and the circumstances warranting pretrial production have been described by the Court of Appeals for the Sixth Circuit as "extraordinary." *Hughes*, 895 F. 2d at 1146. In addition, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701. Although material usable for impeachment is

evidentiary, it does not become evidentiary until the witness has testified at trial. Thus, impeachment evidence would likely not ever be producible before trial under Rule 17(c) and such evidence related to potential witnesses who are ultimately not called as a witness at trial need not be produced at all. *Cuthbertson*, 630 F. 2d at 144.

Defendant Vassar seeks records, documents or computer data pertaining to "criminal activity" of eight persons believed by him to be potential witnesses to be called by the government to testify against the defendant.[2] The documents are alleged to be in the possession of the Cocke County Sheriffs' Department, Newport Tennessee Police Department, Jefferson County Sheriffs' Department, Dandridge Police Department, White Pine Police Department, Hamblen County Sheriffs' Department, Morristown Police Department, Tennessee Third Judicial Drug Task Force, Tennessee Fourth Judicial Drug Task Force, Tennessee Third Judicial District Attorney General, Johnson City Office of the DEA, Federal Bureau of Investigation, Agent in charge, Knoxville, Tennessee Office, Tennessee Fourth Judicial District Attorney General, Tennessee Bureau of Investigation and Tennessee Highway Patrol Criminal Investigation Division and are described as follows:

> Arrest histories, incident reports, complaints, warrants, contact reports, print out of data from computers, Investigative files including, but not limited to, records, statements, documents,

---

[2] Defendant's original motion filed with this Court identified three such persons; the subpoenas issued by the defendant without leave of court and subsequently quashed by this Court identified six individuals; the current request before the Court is for records pertaining to eight individuals.

> investigative notes, reports of investigators, fax sheets, case notes, memorandums, correspondence, arrest records, incident reports, jail files, narcotic investigation records, or any other documents that pertain to any of the following individuals by the name stated or by any alias.

Defendant Vassar asserts that these records are necessary in order to permit him to properly prepare for trial and for cross-examination of the government witnesses and are records "that can become admissible depending on the government evidence and testimony and events occurring during the trail (sic) pursuant to F.R.E.S. 402, 404(b), 406, 608 or 609 . . ." In effect, defendant Vassar seeks all investigative files, whether pertaining to open or closed investigations, from the 15 law enforcement agencies identified above. When viewed against the standards established by the United States Supreme Court in *Nixon* and the United Court of Appeals for the Sixth Circuit in *Hughes*, the requested Rule 17(c) subpoenas duces tecum for pretrial production fail the requirements of relevance, specificity and admissibility.

Defendant attempts to establish that these documents are evidentiary and relevant by pointing to various of the Federal Rules of Evidence. It is quite clear, however, from a review of the pleadings filed by the defendant that he seeks records of "criminal activity" for the purposes of impeachment of potential government witnesses. As set forth above, such material does not become evidentiary until the potential witness has in fact become a witness at trial. Not only do the records and documents sought by the defendant fail the requirement that the material sought be evidentiary because it is impeachment material for

4

potential government witnesses, the defendant's request also seeks documents, records and papers which are clearly hearsay and inadmissible and for this reason too, they fail to meet the requirement that they be evidentiary and relevant.

Defendant's request likewise fails the requirement that he show that the items are not otherwise procurable in advance of trial by the exercise of due diligence. Vassar admits in his pleadings that most, if not all, of the records sought are public records under Tennessee law. Lastly, the sheer breadth of the defendant's documents production request establishes that his request amounts to nothing more than a fishing expedition. Defendant does not seek specific, relevant and admissible documents. He seeks wholesale production of police investigative files related to potential government witnesses.

The only one of the *Nixon* factors arguably met by the defendant relates to the need for production of the documents. Quite clearly the production of these documents and records, if they actually exist, would be helpful to the defendant in preparation for trial and for cross examination of the government witnesses. Defendant has not shown, however, that he cannot prepare for trial adequately without such production and while the Court appreciates that pretrial production of such documents might expedite these proceedings by allowing pretrial resolution of issues concerning their admissibility or relevance, that in and of itself is not sufficient reason for this Court to order pretrial production. Clearly, defendant's counsel would like to discover all that he can about the government's case and potential government witnesses; however, the broad discovery sought by the defendant

5

through the use of Rule 17(c) subpoenas goes far beyond the permissible scope of discovery under the Federal Rules of Criminal Procedure, is oppressive and burdensome and represents an abuse of the process of this Court.

The defendant's motion for an order authorizing the issuance of Rule 17(c) subpoenas for the pretrial production of documents and records is **DENIED**[3]. By order entered January 24, 2006, this Court granted defendant's motion to file *ex parte* and under seal his 30 page (plus attachments) statement in support of the issuance of Rule 17(c) subpoenas. That document, which was delivered to chambers, is passed to the Clerk along with this order for filing under seal.

**SO ORDERED**.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[3] The Court is mindful that defendant has offered several "alternative modifications" to his documents and records request. It is clear to the Court after reviewing those alternatives that the defendant simply seeks the same relief using different words. The alternative modifications suggested by the defendant are no less broad in their terms than his original request and, in many cases, shift to the law enforcement agency the burden of making legal conclusions about the application of certain rules of evidence to the requested documents.