UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-70 |
| | ) | |
| MICHAEL VASSAR | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated January 6, 2006, which addresses the defendant's Motion to Suppress evidence seized from the defendant's garage on April 18, 2002, [Doc. 119]. The defendant has filed an objection to this report.

In his motion, which was filed on October 15, 2005, the defendant summarily contends that the substance seized on April 18, 2002, was seized in violation of his Fourth Amendment rights. He does not state a basis for this contention, but alleges that he cannot particularize his motion until the

1

government gives him a Rule 12(b)(4)(B) designation of the evidence that the government intend to use in its evidence-in-chief at trial.

The search warrant in this case was unsealed on August 22, 2005. At that point in time, the defendant could have examined the search warrant, application and affidavit for search warrant, and return for any defects in the search warrant. The defendant did not need a Rule 12(b)(4)(B) designation of the evidence that the government intend to use in its evidence-in-chief at trial to attack this search warrant in a motion to suppress.

After the motion hearing on January 3, 2006, the defendant filed a supplemental motion to suppress contending that he was surprised by the articles listed on the return which has been on record in the court file since August 22, 2005. He also asserts once again that he has been unable to attack the search warrant because he has no Rule 12(b)(4)(B) designation.

In his objections to the Report and Recommendation of the United States Magistrate Judge, the defendant raises numerous issues in regard to the validity of the search warrant which he clearly could have been raised in his motion to suppress but failed to do so. Therefore, the Court FINDS that these issues have been waived.

After careful review of the transcript of the evidentiary hearing in

regard to this motion which was held on January 3, 2006, and the Report and Recommendation of the United States Magistrate Judge, it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED** and **APPROVED**, and that the defendant's motion to suppress seized evidence is **DENIED**. [Doc. 43].

        ENTER:

                s/J. RONNIE GREER
                UNITED STATES DISTRICT JUDGE